HARRIET MARSHALL *v.* MICHAEL MULLEN and others.

Real property purchased during the existence of the community of *acquêts*, but conveyed to the wife, will be liable for debts contracted by the husband, unless proved to have been paid for out of the paraphernal funds of the former.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Roselius*, for the appellant.

*A. Hennen*, for the defendants.

GARLAND, J. The defendants, having obtained a judgment against James Marshall, had an execution, issued under it, levied on a valuable lot of ground in this city, whereupon the plaintiff obtained an injunction, alleging the lot to be her paraphernal property, that she had been separated in property from her husband, and that the lot was not liable for his debts. The defendants deny all the allegations, and charge fraud and collusion between the plaintiff and her husband.

In the court below, it was clearly shown that the lot in question was purchased during the existence of the community of *acquêts*, but conveyed to the wife. It was also attempted to be proved, that it had been paid for with her paraphernal funds; but the judge thought that allegation not sufficiently established, and dissolved the injunction. The plaintiff, also, relied upon her judgment of separation of property, but was met by the objections that it had never been advertised or executed according to law, and that it was not of itself evidence against the defendants, they having charged fraud and collusion between the parties, and the judgment being one by confession. From the judgment dissolving the injunction, the plaintiff has appealed.

We are of opinion that the inferior judge did not err. We can find no evidence to satisfy us that the lot was paid for out of the paraphernal funds of the wife. The deed of sale does not show it with any certainty, and there is no other evidence to prove it. In his written argument, the present counsel for the plaintiff states, that he is informed that such evidence was given in the court below; but it is not in the record, and the clerk and judge certify that it contains all the evidence upon which the cause was tried.

As the case now stands, all the principles involved in it have been settled in the cases of *Terrell* v. *Cutrer*, and *Bertie* v. *Walker*, 1 Robinson, 367, 431.

*Judgment affirmed.*